NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARIA NOHEMI CHAVEZ-JOJ, | No. 24-7471 |
| Petitioner, | Agency No. A209-792-800 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025**
Pasadena, California

Before: CALLAHAN, NGUYEN, and KOH, Circuit Judges.

Petitioner Maria Nohemi Chavez-Joj ("Chavez-Joj"), a native and citizen of

Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA")

dismissal of her appeal of an immigration judge's ("IJ") denial of her application

for asylum, withholding of removal ("withholding"), and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture ("CAT").  We have jurisdiction under

8 U.S.C. § 1252.  We review the denial of asylum, withholding, and CAT

protection for substantial evidence.  *Sharma v. Garland*, 9 F.4th 1052, 1060 (9th

Cir. 2021).  We deny the petition.

1.  Substantial evidence supports the BIA's conclusion that Chavez-Joj

failed to show that the Guatemalan government was or will be "unable and

unwilling" to protect her.  Chavez-Joj failed to report her harassment and

attempted kidnapping to the police.  Although she need not have reported these

incidents to the police if doing so would have been futile, *see Bringas-Rodriguez v.*

*Sessions*, 850 F.3d 1051, 1065 (9th Cir. 2017) (en banc), Chavez-Joj failed to show

futility.  Record evidence suggests that she could have obtained help had she

contacted the police despite Guatemala's high level of crime and violence.  *See*

*Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020).  The Guatemalan

National Civil Police ("NPC") "has made progress in the reduction of crimes,"

there is a "downward trend" in violent crime and homicide, and "impunity from

prosecution for serious crimes within the NPC declined, with several high-profile

convictions of NPC officers sentenced to imprisonment."  The BIA also "properly

treated the absence of a report to 'merely one factor in the assessment of the

[Guatemalan] government's willingness and ability to control private extremists,

not as a per se bar to asylum.'" *Bringas-Rodriguez*, 850 F.3d at 1067 (quoting *Rahimzadeh v. Holder*, 613 F.3d 916, 922 (9th Cir. 2010)).

Accordingly, the BIA reasonably concluded that Chavez-Joj failed to meet her burden of establishing that the Guatemalan government was or will be unable or unwilling to protect her. "Because she failed to establish eligibility for asylum, we must also deny her petition for review of the denial of her claim for withholding of removal." *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005) (citing *Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir. 1995)).

2. Substantial evidence supports the BIA's denial of CAT protection. The record does not "show that it is more likely than not that the petitioner will face a *particularized* and *non-speculative* risk of torture." *Park v. Garland*, 72 F.4th 965, 980 (9th Cir. 2023) (citing *Tzompantzi-Salazar v. Garland*, 32 F.4th 696, 706–07 (9th Cir. 2022)). Chavez-Joj offers only generalized evidence to support her claim of future torture and governmental acquiescence, such as the State Department's report indicating that Guatemala suffers from "serious problems with the independence of the judiciary," "serious restrictions on free expression," and "serious government corruption." Because "a general ineffectiveness on the government's part to investigate and prevent crime will not suffice to show acquiescence," substantial evidence supports the BIA's conclusion that Chavez-Joj

is not entitled to CAT relief. *Andrade-Garcia v. Lynch*, 828 F.3d 829, 836 (9th Cir. 2016) (citing *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2013)).

**PETITION DENIED.**[1]

---

[1] The motion for a stay of removal is denied. The temporary stay of removal is lifted.